1  WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carl C. Zawatski,<br><br>    Plaintiff,<br><br>vs.<br><br>Carolyn W. Colvin, Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-11-00736-TUC-CRP<br><br>**ORDER** |

On September 27, 2013, the Court filed an Order remanding this case for further proceedings to consider whether Plaintiff is disabled under the Social Security Act. (Doc. 29, Order). Judgment was entered accordingly. (Doc. 30). Plaintiff through counsel has filed a Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 31). Defendant has filed a Response to Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act. (Doc. 32, Resp.). Plaintiff has filed a Response to Defendant's Objection to Requested EAJA Fees (docketed as a Reply) (Doc. 33) that includes as attachments an Amended Motion for Award of Attorney's Fees Pursuant to the EAJA (Doc. 33-1) and counsel's Affidavit. (Doc. 33-2). This case is before the Court based on the parties' consent to Magistrate Judge jurisdiction. (Doc. 15). The Court considers as Plaintiff's moving paper regarding the request for attorney's fees the Motion filed at document 31 supported by the briefing filed at document 33.

In the original Motion, Plaintiff sought an attorney's fee award of $10,006.54 based on 54.35 hours of service performed during 2011-2013.  (Doc. 31).  Defendant has not disputed that Plaintiff was the prevailing party and does not object to the cost of living adjusted hourly rates on which Plaintiff's request is based.  Defendant objects that its position in the case was substantially justified, that Plaintiff's request for compensation is excessive, and that a fee award of $5,969.60 for 32 hours of attorney work on the case is reasonable.  In the Amended Motion for Attorney's Fees, which the Court construes as additional briefing, Plaintiff requested a fee amount of $10,623.69 for 57.55 hours of work performed on the case. (Doc. 33-1 at 1).  It appears, however, that in light of Defendant's objections, Plaintiff has requested for all work performed on the case a fee award of $9,470.33 based on 50.78 hours of attorney time as shown on counsel's amended time records.  (Doc. 33-1 at 8-13).

**Whether Defendant's Position Was Substantially Justified**

The EAJA provides that a prevailing party in a civil suit against the federal government shall be awarded attorney's fees unless the court finds that the government's position was substantially justified or that special circumstances make the award unjust.  28 U.S.C. § 2412(d)(1)(A). To meet the "substantially justified" standard under the EAJA, "the government must advance a position that is 'justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person.'" *Le v. Astrue*, 529 F.3d 1200, 1201 (9th Cir. 2008) (quoting *United States v. Marolf*, 277 F.3d 1156, 1161 (9th Cir. 2002)). "[T]he government's position must have a reasonable basis in law and fact" and "be substantially justified at each stage of the proceedings." *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008).  The court's inquiry is limited to the issues that led to remand.  *Hardisty v. Astrue*, 592 F.3d 1072, 1078 (9th Cir. 2010).  The Commissioner has the burden to show that its position was substantially justified or that special circumstances exist to make an award unjust.  *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

Defendant contends its position was substantially justified, that is, reasonable in law and fact, even though the Court found that remand was necessary. Defendant specifically

- 2 -

1 argues that its position was substantially justified regarding the Administrative Law Judge's
2 ("ALJ") evaluation of Dr. Whyte's opinion, to which the ALJ gave little weight, and of Dr.
3 Haburchak's opinion, which the ALJ determined was not relevant because Dr. Haburchak did
4 not render an opinion regarding Plaintiff's condition before his insured status expired.  The
5 Commissioner also contends that even though the ALJ had an obligation to inquire about the
6 Department of Veterans Affairs' ("VA") rating decision, it was reasonable to take the position
7 that the record evidence was sufficient to infer the VA rating decision and any error was
8 harmless and did not prejudice Plaintiff.

9       In this case, the ALJ found that Plaintiff satisfied the listed disability impairments for
10 affective disorders and substance addiction disorders but he was not entitled to benefits
11 because alcoholism was a contributing factor material to the disability determination. (Doc.
12 29, Order at 2). Plaintiff contended on appeal that the ALJ erred by failing to consider
13 evidence after the date last insured, by failing to give controlling weight to Plaintiff's treating
14 providers' opinions before and after that date, and by failing to give great weight to the VA's
15 finding of 100% disability for Plaintiff's post-traumatic stress disorder ("PTSD") and major
16 depressive disorder.  (*Id*.).

17       The record showed that Plaintiff met the insured status through September 30, 2004.
18 (*Id*. at 4).  The ALJ gave the opinion of Eric Whyte, M.D., Plaintiff's treating physician,
19 "minimal weight" because Dr. Whyte had treated Plaintiff for only one month during the
20 "relevant time"  and the rest of Plaintiff's treatment and Dr. Whyte's opinion were from an
21 irrelevant period.  (*Id*. at 5).  Plaintiff contended that the ALJ had erroneously failed to
22 consider records dated after September 30, 2004, including the opinions of Dr. Whyte and
23 Lawrence Haburchak, Psy.D., Plaintiff's treating psychologist.  (*Id*. at 4). Defendant argued
24 that the ALJ had properly rejected opinions rendered after September 30, 2004.  (*Id*.).   The
25 Court found in part that the ALJ had "overlooked" Dr. Whyte's specific opinion "that
26 Plaintiff's depressive disorder is independent of his alcohol dependence," that Plaintiff's
27 "alcohol abuse had been a symptom of his depression, rather than a cause of it," and Dr.

28 - 3 -

1  Whyte's review of Plaintiff's medical records prior to September 2004 suggested that Plaintiff
2  suffered from disabling depression "long before" September 2004. (*Id*. at 5-6). The Court
3  noted that in 2009, Dr. Whyte stated that he had treated Plaintiff since September 2004 and
4  that Plaintiff "carries diagnoses of Major Depressive Disorder, Recurrent (for which he has
5  been rated 100% by the Veterans Administration ["VA"] ..." PTSD and Alcohol Dependence.
6  (*Id.* at 4-5). The Court rejected Defendant's argument that Dr. Whyte's opinion was not
7  supported by the record because "the ALJ did not state such a reason" and because the ALJ
8  omitted relevant medical information in setting out the reasons for the ALJ's interpretation
9  of the medical evidence. (*Id*. at 6-10).
10  Defendant also argued that the ALJ considered a letter written by Dr. Haburchak;
11  however, the Court found that the ALJ mentioned Dr. Haburchak as Plaintiff's treating
12  psychologist but did not refer to the letter. (*Id*. at 5). Dr. Haburchak had written in September
13  2008 that he had been treating Plaintiff since December 2003 and that Plaintiff had endured
14  chronic symptoms of "Major Depression and PTSD." (*Id*.). As the Court pointed out, the
15  Ninth Circuit has held that "medical reports are inevitably rendered retrospectively and should
16  not be disregarded solely on that basis." (Doc. 29, Order at 6, citing *Smith v. Bowen*, 849
17  F.2d 1222, 1225 (9th Cir. 1988) and other cases). The Court found, "It is well settled that the
18  opinions of treating physicians are entitled to greater weight than the opinions of examining
19  or non-examining physicians." (Doc. 29, Order at 5 citing *Andrews v. Shalala*, 53 F.3d 1035,
20  1040-41 (9th Cir. 1995) and other cases). The Court explained, "Moreover the ALJ relie[d]
21  upon no medical opinion of record suggesting that Plaintiff's depressive disorder is not
22  independent of his alcoholism or that Plaintiff did not suffer from such disabling depression
23  long before September 2004. Nor do the records cited by the ALJ necessarily support the
24  ALJ's contrary conclusion when those records are considered in context or considered on the
25  record as a whole." (Doc. 29, Order at 9-10).
26  In addition, the Court's review of the record showed that a copy of the VA disability
27  rating was not included. (Doc. 29, Order at 10). Based on relevant legal principles, the ALJ
28

- 4 -

1  must give great weight to a VA determination of disability but is allowed to give it less weight
2  based on persuasive, specific and valid reasons for doing so that are supported by the record.
3  (Id., citing *Turner v. Commissioner*, 613 F.3d 1217, 1225 (9th Cir. 2010), *Valentine v.*
4  *Commissioner of Social Security*, 574 F.3d 685, 695 (9th Cir. 2009)).  Although the ALJ
5  acknowledged that the VA decision existed, the ALJ never adopted or rejected the VA's
6  decision and did not state the weight attributed to it.  (Doc. 29, Order at 11-12).  The Court
7  explained, "Although the ALJ was aware of a VA disability decision in favor of Plaintiff,
8  there is no indication in the record that he inquired as to the basis for that decision, was aware
9  of the precise time period addressed by that decision, or any specific rating assigned to
10 Plaintiff during the relevant time period.  The ALJ's failure to make further inquiry into this
11 matter was erroneous." (*Id*. at 12). The Court found that the ALJ's statements concerning the
12 VA disability rating were not sufficient to permit adequate review.  (*Id*. at 8, 10-12).  Further,
13 "when the record suggests a likelihood that there is a VA disability rating, and does not show
14 what it is, the ALJ has a duty to inquire." (Doc. 29, Order at 12, citing *McLeod v. Astrue*, 640
15 F.3d 881, 886 (9th Cir. 2011)).  The ALJ's failure to develop the record on the issue was
16 "reasonably likely to have been prejudicial."  (Doc. 29, Order at 12).

17      Because of the ALJ's several fundamental errors in evaluating the record evidence,
18 Defendant's position was not substantially justified.

19 **Reasonableness of the Attorney's Fees Request**

20      In support of the request for attorney's fees, Plaintiff's counsel contends that this was
21 one of her first social security federal court cases and thus she took great care in the research
22 and presentation of the case, that this was an "orphan case" that other firms do not usually
23 consider and counsel was the "new attorney" at the district court level, and that counsel had
24 to familiarize herself with over 600 pages of record evidence. Plaintiff through counsel notes
25 that Plaintiff's opening brief was twenty-five pages inclusive of a non-redundant statement
26 of the facts. (Doc. 33-1).  Plaintiff contends that the issues in this case "were multiple and
27 complex."  (Doc. 33 at 11).

28

- 5 -

Defendant argues that 32 hours of attorney work is reasonable in this case, noting that Plaintiff's counsel is an experienced federal court practitioner, the transcript was not excessively long, and the issues were routine if not mundane. (Doc. 32 at 6). Defendant mentions that Plaintiff's counsel did not file the Complaint in this case. (*Id.*). Defendant objects to counsel's time of 78 minutes to review the scheduling order, calendar events, and check whether an answer had been filed, claiming an hour would be reasonable; to counsel's time of eight hours to pull and collect case citations; to counsel's hours of time spent in preparing the five drafts of the opening brief and the draft of the statement of facts; and to counsel's time of four hours researching issues for a reply brief when no reply brief was filed. (Doc. 32 at 7).

Plaintiff has responded by deleting 18 minutes from the 78 minutes for reviewing the scheduling order and calendaring, etc.; and by withdrawing the requested four hours for researching a possible reply brief. (Doc. 33 at 15-16). The time records of Plaintiff's counsel show as to the opening brief that counsel spent less than an hour on the first and second drafts, almost five hours on the third draft, over seven hours on the fourth draft, over six hours on the final draft, and eleven hours on the statement of facts. (Doc. 31 at 9-10).

The Court will sustain Defendant's objections regarding the hours counsel spent drafting the opening brief, pulling cases, and preparing the statement of facts. The Court will allow fifteen hours for drafting the opening brief, ten hours for preparing the statement of facts, and seven hours for legal research (collecting cases), all at the 2012 hourly rate of $184.32. This amounts to an approximately 6-hour reduction of $1105.92 and results in an attorney's fee award of $8,364.41. The Court finds that an attorney's fee award of $8,364.41 is reasonable based on the complexity of the issues and the attorney work involved in bringing this case to a decision.

**Payment of Attorney's Fees**

Defendant contends that any award of attorney's fees should be ordered payable to Plaintiff, not to Plaintiff's attorney, citing *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010). (Doc. 32

at 7. Plaintiff contends that the fee award has been assigned to Plaintiff's counsel based on the retainer agreement. Plaintiff alternatively states that the Court may direct that the fee award be made to Plaintiff and mailed to Plaintiff's counsel.

The attorney's fees are awarded to Plaintiff. The Court will direct payment pursuant to the procedure set out in Defendant's Response. (Doc. 32 at 7-8).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 31), as supplemented by Plaintiff's Amended Motion for Award of Attorney's Fees Pursuant to the EAJA (Doc. 33-1), is **granted** to the extent that Plaintiff is awarded $8,364.41 in attorney's fees.

**IT IS FURTHER ORDERED** that if, after receiving the Court's EAJA fee order, the Commissioner (1) determines that Plaintiff has assigned his right to EAJA fees to his attorney; (2) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program; and (3) agrees to waive the requirements of the Anti-Assignment Act, the fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney Deborah P. Hansen.

DATED this 3rd day of November, 2016.

*/s/ Charles R. Pyle*
CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE